UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

Southern Division at London

Eastern District of Kentucky
FILED
OCT 26 2021
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

Dr. Daniel Smolko, et al.,
Plaintiffs
2622 Bean Road
Eagleville, PA 19403

v.

MAPEI Corporation and
Lowe's Home Centers, LLC
Defendants

Case No. 6:21-CV-25-CHB-HAI
Judge: Honorable Judge Claria H. Boom
Judge: Honorable Judge Hanly A. Ingram

Action Filed:  11/30/2020

## PROPOSED PLAINTIFFS' FIRST AMENDED COMPLAINT

To Honorable Judge Hanly A. Ingram and Judge Claria H. Boom:

Comes the Plaintiffs, Dr. Daniel Smolko, Linna Smolko and Joseph Smolko individually and on their own behalf, hereby file their Complaint against Defendants MAPEI Corporation and Lowe's Home Centers, LLC and state as follows:

### PARTIES

1. At all times relevant herein, Plaintiffs Dr. Daniel Smolko and Linna Smolko (husband and wife) with their son Joseph Smolko, maintained a residence at 2622 Bean Road,

1

Eagleville, Pennsylvania, Montgomery County, Pennsylvania 19403 and a residence at 220 Shearwood Ave., Somerset, Pulaski County, Kentucky 42503.

2. Defendant MAPEI Corporation is an Illinois-incorporated, Florida-based Corporation licensed to do business in the state of Pennsylvania and in the state of Kentucky. MAPEI Corporation's principal place of business is 1144 East Newport Center Dr., Deerfield Beach, FL 33442 for service of process.

3. Defendant Lowe's Home Centers, LLC is a North Carolina incorporated and based Corporation licensed to do business in the state of Pennsylvania and in the state of Kentucky. Lowe's Home Centers, LLC's principal place of business is 1000 Lowes Blvd., Mooresville, NC 28117-8520 for service of process.

4. Defendant MAPEI Corporation regularly does business in the state of Pennsylvania and in the state of Kentucky and was engaged in the business of designing, manufacturing, importing, distributing, selling, marketing and/or introducing into interstate commerce, either directly or indirectly through third-parties or related-entities, various self-leveling underlayment products, including through third-parties related entities, including the Self-Leveler Plus ("The Product") that is at issue in this civil action.

5. Defendant MAPEI Corporation was involved in the business of conducting post market surveillance, monitoring and reporting adverse events, and having a role in the decision making process and response, if any, related to those adverse events.

6. Defendant Lowe's Home Centers, LLC regularly does business in the state of Pennsylvania and in the state of Kentucky and was engaged in the business of distributing, selling, marketing and/or introducing into interstate commerce, either directly or indirectly through third-parties or related-entities, various self-leveling underlayment products,

including through third-parties related entities, including the Self-Leveler Plus ("The Product") that is at issue in this civil action.

7. Jurisdiction is proper as the events sustained in this claim took place in Montgomery County, Pennsylvania and in Pulaski County, Kentucky and the amount in controversy threshold is met.

## FACTUAL ALLEGATIONS

8. Plaintiff Dr. Daniel Smolko purchased The Product at Lowe's Home Improvement Store in Kentucky to install tile flooring in four rooms at his family's residence at 220 Shearwood Avenue, Somerset, KY 42503.

9. Plaintiff Dr. Daniel Smolko then purchased The Product at Lowe's Home Improvement Store in Pennsylvania to install tile flooring in three rooms at his family's residence at 2622 Bean Road Eagleville, PA 19403.

10. After the installation of the tile floors in the Kentucky home was complete, Plaintiff Linna Smolko cleaned the moldings around the floors where The Product had been used. In so doing, she wiped down The Product from the molding in two rooms where it had been applied.

11. When Plaintiff Linna Smolko did so, her right hand turned red, swelled immediately, and burned underneath her fingernails, which sensation carried into her fingers and palm of her hand. This chemical reaction caused Plaintiff Linna Smolko to endure severe physical pain and to lose use of her hand, which curled into a cup position. Specifically, Plaintiff Linna Smolko lost feeling in her middle three fingers and was not able to straighten them.

12. Plaintiff Linna Smolko subsequently underwent surgical intervention to release the tendons and regain use in her right hand. Even after surgery, Plaintiff Linna Smolko has difficulty using her right hand, which impacts her work as an Early Childhood Educator, in that she has difficulty driving, writing, and lifting small children.

13. Besides the injuries sustained to her right hand, Plaintiff Linna Smolko continues to suffer from a loss of sensation and numbness in her feet, which has caused persistent loss of balance, as well as cognitive impairments, from breathing in chemical vapors emanating from The Product, even after the tile flooring had been installed.

14. Plaintiff Dr. Daniel Smolko has also suffered sensory and cognitive impairments, as well as numbness and loss of sensation in his feet, from breathing in chemical vapors and fumes emanating from The Product after the tile flooring had been installed.

15. Plaintiff Dr. Daniel Smolko has also suffered a loss of visual acuity and developed rashes from extended exposure to chemical vapors and fumes emanating from The Product.

16. Joseph Smolko, son of Plaintiffs Dr. Daniel Smolko and Linna Smolko, was diagnosed with autism. As a result of extended chemical vapors and fumes emanating from The Product, his hands, neck and abdomen have swelled, and has caused him to develop high blood pressure, a heart arrythmia, and immune-system problems all of which require prescribed medication.

### ACCRUAL OF PLAINTIFFS' CAUSES OF ACTION

17. Following Plaintiff Linna Smolko's injuries, it was discovered that The Product contained isothiazolinones, which cause chemical and deep tissue burns exactly

matching Linna Smolko's injuries.

18. At or around that time, Plaintiff Dr. Daniel Smolko also discovered that The Product contained undisclosed biocides including benzothiazolinone, which is a cumulative neurotoxin.

19. After such discovery, Plaintiff Dr. Daniel Smolko unsuccessfully attempted to remove The Product from the subfloor as its toxic vapors continue to fume through the grout, in between floor tiles and around the edges of the walls, but suffered adverse autoimmune responses when doing so, even though he was wearing personal protective equipment.

20. Prior to discovering the undisclosed ingredients in The Product, Plaintiffs had neither knowledge nor notice that there was any defect in the design, manufacture, or labeling of The Product.

21. Prior to discovering the undisclosed ingredients in The Product, Plaintiffs had neither knowledge nor notice that they had suffered any injury because of any negligence, actions or inactions, errors or omissions by Defendants.

### MAPEI CORPORATION'S SELF LEVELER PLUS

22. Defendants sell MAPEI Corporation's Self Leveler Plus ("The Product") for indoor-use and markets the self-leveling underlayment for consumer use without professional assistance.

23. In marketing The Product to consumers, Defendant MAPEI Corporation failed to disclose in its Safety Data Sheet, Technical Data Sheet or any advertising materials that The Product contains injurious isothiazolinones and benzothiazolinones.

24. Isothiazolinones and benzothiazolinones are toxic derivatives of acrylamide with severe bioaccumulation, neurotoxicity and non-specific biocidal functions.

25. Upon information and belief, dermal exposure to isothiazolinones can produce skin sensitization, allergic-contact dermatitis, and chemical burns. Benzothiazolinone has also been linked with systemic-contact dermatitis via airborne contact.

26. Upon information and belief, both isothiazolinones and benzothiazolinones impair visual acuity, and even Defendant's employees have suffered from eye irritation from exposure to these neurotoxins.

## LIABILITY
## COUNT 1 - NEGLIGENCE

27. Plaintiffs incorporates by reference as if fully set forth verbatim each and every allegation in this Complaint

28. Defendants owed a duty of reasonable care to the general public, including Plaintiffs, when it designed, manufactured, assembled, inspected, tested, marketed, placed into the stream of commerce, and sold The Product, to assure that The Product was not defective and/or unreasonably dangerous for their intended purposes and foreseeable uses.

29. Defendants breached this duty by designing, manufacturing, assembling, inspecting, testing, marketing, distributing and selling The Product in a defective and unreasonably unsafe condition including, but not limited to, by including injurious isothiazolinones and benzothiazolinones.

30. Likewise, Defendants owed Plaintiffs a duty of reasonable care to discover the defect and to inform and/or warn Plaintiffs of the defect once it was discovered, and Defendants failed to do so further placing Plaintiffs at risk for harm and injury.

31. Defendants were negligent in the particulars set forth in this Complaint, and such negligence was a direct and proximate cause of the injuries and damages to the Plaintiffs as set forth in this Complaint.

### COUNT 2 - STRICT PRODUCTS LIABILITY: DEFECTIVE DESIGN

32. Plaintiffs incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

33. The Product is not reasonably safe for the intended uses and was defective as described herein with respect to the design in that it contained injurious isothiazolinones and benzothiazolinones.

34. Upon information and belief, a reasonable alternative design is and was available to Defendants that does not include injurious biocides isothiazolinones and benzothiazolinones.

35. The Product's design defects caused significant damage through both dermal contact and inhalation of isothiazolinones and benzothiazolinones to fracturing inside to the Plaintiffs as set forth in this Complaint.

### COUNT 3 - STRICT PRODUCTS LIABILITY-FAILURE TO WARN

36. Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

37. The Product was further rendered unreasonably dangerous because the Defendants failed to provide an adequate warning to consumers, including Plaintiffs, regarding the hazards associated with the reasonable and foreseeable use of isothiazolinones and benzothiazolinones.

38. The Product possessed defective and dangerous characteristics, as described herein, which caused damage, and the Defendants failed to use reasonable care to provide an adequate warning of such characteristics and their dangers to consumers, including Plaintiffs.

39. At the time of the incidents as set forth herein, The Product were dangerous to an extent beyond that which would be contemplated by ordinary consumers, including Plaintiffs, with the ordinary knowledge as to the product's characteristics.

40. Consumers, including Plaintiffs, did not know and should not have been expected to know of the dangerous characteristics of The Product had the potential to cause injury and damage.

41. As a direct and proximate result of the Defendants' failure to warn, Plaintiffs sustained serious injuries and were damaged.

## COUNT 4 - BREACH OF EXPRESS WARRANTY

42. Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

43. Defendants warranted, both expressly and impliedly, through its marketing, advertising, and distributors that The Product, was of merchantable quality, fit for the ordinary purposes and used for which it was sold.

44. Defendants are aware that consumers, including Plaintiffs, rely upon the representations made by Defendants when choosing, selecting and purchasing The Product.

45. Due to the defective and unreasonably dangerous design and manufacture of The Product, it was neither of merchantable quality nor fit for the ordinary purposes for which it was sold, presenting an unreasonable risk of injury to consumers, including Plaintiffs, during foreseeable use.

46.     The defective and unreasonably dangerous condition of The Product constituted a breach of the Defendants' express and implied warranties, and such breach was a direct and proximate cause of the incident and injuries described herein.

### COUNT 5 - BREACH OF IMPLIED WARRANTIES

47.     Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

48.     Defendants impliedly warranted that The Product were merchantable and were fit for the ordinary purposes for which they were intended.

49.     When Plaintiff Dr. Daniel Smolko installed The Product in conjunction with installing tile flooring, the Product was being used for the ordinary purposes for which it was intended.

50.     When Plaintiff Linna Smolko cleaned The Product from the molding when her husband, Plaintiff Dr. Daniel Smolko, installed tile flooring, The Product was being use for the ordinary purposes for which it was intended.

51.     Plaintiffs relied upon Defendants' implied warranties of merchantability in purchasing and then using The Product.

52.     Defendants breached these implied warranties of merchantability because The Product was neither merchantable not suited for its intended uses as warranted.

53.     Defendants' breach of their implied warranties resulted in the use of the Product in Plaintiffs' familial residences, placing Plaintiffs' health and safety in jeopardy.

54.     As a direct and proximate result of the Defendants' breach of the aforementioned implied warranties, Plaintiffs have experienced significant physical pain and suffering, have sustained permanent injury, and have undergone medical treatment and

procedures, have suffered financial or economic loss, including but not limited to, obligations for medical services and expenses, and/or lost income, and other damages.

## COUNT 6 - MISREPRESENTATION BY OMISSION

55. Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

56. Throughout the relevant time period, Defendants knew The Product was defective and unreasonably unsafe for its intended purpose.

57. Defendants was under a duty to disclose to Plaintiffs the defective nature of The Product because Defendants was in a superior position to know the true quality, safety, and efficacy of The Product.

58. Defendants fraudulently concealed from and/or failed to disclose to Plaintiffs that The Product was defective, unsafe, and unfit for the purposes intended, and that it was not of merchantable quality.

59. The facts that Defendants concealed and/or failed to disclose to Plaintiffs were material facts that a reasonable person would have considered important in deciding whether to purchase and use The Product.

60. As a direct and proximate result of Defendants' fraudulent concealment, Plaintiffs have experienced significant mental and physical pain and suffering, have sustained permanent injury, have undergone medical treatment and will likely undergo further medical treatment and procedures, have suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and/or lost income, and other damages.

## PLAINTIFFS' INJURIES AND DAMAGES

61. It was ultimately discovered that The Product contained injurious

isothiazolinones and benzothiazolinones, and that these biocides are believed to have caused chemical burns to Plaintiff Linna Smolko, and other physical injuries to Plaintiffs Linna Smolko and Dr. Daniel Smolko as well as to Joseph Smolko.

62. The Product was discovered to be defective and injurious as a direct and proximate result of the actions, conduct, negligence, and breach of warranties of the Defendants, as alleged in this Complaint.

63. As a direct and proximate result of the conduct of Defendants as set forth in this Complaint, Plaintiff Linna Smolko sustained injuries and damages including, but not limited to undergoing surgery to release tendons and regain use of her right hand, loss of sensation in her feet, loss of balance, and cognitive impairment; past and future pain and anguish, both in mind and in body; permanent diminishment of her ability to participate in and enjoy the affairs of life; medical bills associated with the procedure and recovery therefrom; future medical expenses; loss of enjoyment of life; loss of past and future earnings and earning capacity; disfigurement; physical impairment, and other injuries not fully know at this time.

64. As a direct and proximate result of the conduct of Defendants as set forth in this Complaint, Plaintiff Dr. Daniel Smolko sustained injuries and damages, including but not limited to, sensory, visual, and cognitive impairments, loss of sensation in his feet, and rashes; past and future pain and anguish, both in mind and in body; permanent diminishment of his ability to participate in and enjoy the affairs of life; medical bills associated with treatment for his injuries; future medical expenses; loss of enjoyment of life; loss of past and future earnings and earning capacity; disfigurement; physical impairment, and other injuries not fully know at this time.

65. As a direct and proximate result of the conduct of Defendants as set forth in this Complaint, Joseph Smolko sustained injuries and damages, including but not limited to, swelling of his hands, neck and abdomen, developing high blood pressure, a heart arrythmia and immune-system difficulties; permanent diminishment of his ability to participate in and enjoy the affairs of life; medical bills associated with treatment for his conditions; future medical expenses; loss of enjoyment of life; loss of past and future earnings and earning capacity; disfigurement; physical impairment, and other injuries not fully know at this time

66. As a direct and proximate result of Defendants' conduct, Plaintiffs Dr. Daniel Smolko and Linna Smolko, as well as Joseph Smolko have suffered the following injuries and damages, including but not limited to:

   a) Past and future physical pain and suffering;
   b) Past and future mental pain and suffering;
   c) Past and future medical bills and expenses;
   d) Loss of earnings and earning capacity;
   e) Loss of enjoyment of life;
   f) Permanent disability;
   g) Physical impairment;
   h) The potential need for future surgery; and
   i) Damage to, and remediation of, their property.

67. Plaintiffs injuries suffered were both factually and proximately caused by the defectiveness of The Product of the Defendants.

68. Plaintiffs injuries suffered were both factually and proximately caused by the unreasonably dangerous product of the Defendants.

69. Plaintiffs are entitled to recover for all economic and special damages incurred, including but not limited to property damages to both residences, remediation of The Product from both residences, damages for subsequent surgeries, rehabilitative services, follow up doctor visits and all expenditures incurred as a result of the additional operations and follow up procedures.

70. Plaintiffs are entitled to recovery for lost earnings and earning capacity, having been disabled and diminished ability to earn income.

71. Plaintiffs are entitled to compensation for permanent disability as a result of the failure of The Product which caused substantial injury.

72. Plaintiffs further show that they are entitled to recover for all noneconomic and compensatory damages allowed by law, including, but not limited to, pain and suffering for all pain and suffering that she has incurred as a result of the defective product, that occurs as a result of the failure of the product.

73. The damages suffered by the Plaintiffs exceed the minimum jurisdiction of the Pulaski Circuit Court.

**WHEREFORE,** Plaintiffs Dr. Daniel Smolko and Linna Smolko, individually and on her own behalf and as Legal Guardian for Joseph Smolko for the claims of Joseph Smolko, demand judgment against the Defendants as follows:

1. For all damages, including but not limited to compensatory and property damages, in an amount that is fair and reasonable as shown by the evidence;

2. Punitive damages;

3. For costs herein expended;

4. For prejudgment interest from the date of the injury until resolution;

5. For a trial by jury;

6. For any further relief to which the Plaintiff may be entitled.

Respectfully submitted,

/s/ *Daniel D. Smolko, Ph.D.*
DANIEL D. SMOLKO, PH.D.
2622 Bean Road
Eagleville, PA 19403
ddsmolko@gmail.com

/s/ *Linna R. Smolko*
LINNA R. SMOLKO
2622 Bean Road
Eagleville, PA 19403
ddsmolko@gmail.com

/s/ *Joseph N. Smolko*
JOSEPH N. SMOLKO
2622 Bean Road
Eagleville, PA 19403
ddsmolko@gmail.com

*ProSe Plaintiffs Dr. Daniel Smolko, Linna Smolko and Joseph Smolko individually and on his behalf and as Legal Guardians for Joseph Smolko*