UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**DANIEL SMOLKO, ET AL.**                                                              **PLAINTIFFS**

**V.**                                                      **CIVIL ACTION NO: 6:21-cv-00025**

**MAPEI CORPORATION ET AL.**                                                    **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF DEFENDANT, MAPEI CORPORATION'S
MOTION FOR PROTECTIVE ORDER, SANCTIONS, AND MOTION TO STRIKE**

**I.        FACTUAL BACKGROUND**

On December 7, 2020, Plaintiffs, through counsel, filed a Complaint in the Pulaski County,

Kentucky Circuit Court, Case No.: 20-CI-1928. The case was subsequently removed to this court.

[DN 1]. Several months later in July 2022, and after a Motion to Withdraw filed by Plaintiffs'

counsel was granted, Plaintiffs were granted permission to proceed *pro se* in this case. [DN 23].

Throughout discovery, Plaintiffs have demonstrated a pattern of failing to observe and obey the

rules governing civil procedure and the appropriate processes for conducting discovery.  This

ongoing pattern requires the instant motion.

In December 2021, counsel for the Defendant was alerted to potential discovery abuses.

Specifically, defense counsel learned that Plaintiff Daniel Smolko was directly contacting a

number of employees of MAPEI and serving discovery requests to those employees, along with

statement regarding their obligations with respect to the requests.  On December 30, Defendant's

counsel sent e-mail correspondence to Dr. Smolko advising him that all contact with MAPEI

employees should be through counsel only. [*See* Email Correspondence dated December 30, 2021,

Exhibit 1.]

One day after the December 30, 2021 email correspondence, Plaintiffs continued to

improperly serve discovery requests and communicate directly with MAPEI employees.  For

example, Plaintiff Dr. Smolko contacted Mr. Bill Carlson, Production Manager with MAPEI, and served him discovery requests. Dr. Smolko also made improper statements in his email correspondence regarding the facts of the case and Mr. Carlson's legal responsibilities. [*See* Email Correspondence dated December 31, 2021, Exhibit 2.; Pl.'s Discovery Requests, Exhibit 3.]

Since then, even more MAPEI employees have reported to counsel that they have received e-mail communications and discovery requests from the Plaintiffs. As of this filing, counsel is aware of five employees at various MAPEI facilities throughout the United States receiving packages with the same discovery requests. In addition, the requests include e-mail correspondence from Dr. Smolko advising the employees of their legal obligations, and even suggesting the suit should settle. [*See* E-mail correspondence, Exhibit 4.] These improper discovery requests and communications are causing business interruption and concerns for safety.

## II.   DEFENDANT ARE ENTITLED TO A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C).

District courts have wide discretion to manage discovery in their cases including the entry of protective orders. In general, a party may serve to another party Interrogatories and Requests for the Production of Documents without leave of Court. However, the party must do so in accordance with the proper discovery processes as set forth in Fed. R. Civ. P. 26 *et. seq.* Plaintiffs' pro se status does not alleviate their responsibility to act in accordance with the Federal Rules of Civil Procedure.

A court may enter a protective order upon a showing of good cause by the party seeking the order. Fed. R. Civ. P. 26(c)(1). Rule 26(c) contemplates the issuance of protective orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. "To show good cause for a protective order, the moving party is required to make a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. A district court abuses its discretion where it makes neither factual findings nor legal arguments

supporting the need for the order." *HD Media Co., LLC v. United States DOJ (In re Nat'l Prescription Opiate Litig.)*, 927 F.3d 919, 929 (6th Circ. 2019).  The court's "good cause" inquiry takes into account the scope of the protective order as it relates to the relevant interests. *Id.* at 932.

The court's decision to enter a protective order is reviewed under an abuse of discretion standard. "An abuse of discretion occurs when the district court, in making a discretionary ruling, relies upon an improper factor. A court of appeals should uphold the trial judge's exercise of discretion unless he acts arbitrarily or irrationally." *Id. at 933* (quoting *United States v. Robinson*, 560 F.2d 507, 515 (2d Cir. 1977)).

Defense counsel advised Plaintiffs that all communications must go through counsel. Despite that request, Plaintiffs have continued to communicate directly with MAPEI employees and to serve discovery requests to them individually at various plants throughout the country.  This is the type of behavior Rule 26(c) is meant to protect against as these types of actions cause business disturbances, annoyance, and undue expense to the Defendant in litigating this case.

Accordingly, Defendants request a Protective Order directing Plaintiffs to refrain from communicating directly with MAPEI employees, serving discovery requests to anyone other than counsel for the parties, and to otherwise conduct themselves in accordance with the Federal Rules of Civil Procedure.

## III.    SANCTIONS ARE APPROPRIATE PURSUANT TO FED. R. CIV. P. 37(a)(5) WHEN A PROTECTIVE ORDER IS GRANTED.

If the Court grants Defendant's Motion for a Protective Order then "[T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).

The Court is only prevented from ordering the monetary sanctions when "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court

action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(i-iii).

In this instance Defendant specifically advised Plaintiffs that all communications must go through counsel. Despite the attempt to explain the proper procedure for conducting discovery, Plaintiffs continued the discovery abuses which necessitated the filing of this Motion. Accordingly, Defendant requests its reasonable expenses incurred in the making of this motion, including attorney's fees.

## IV. PLAINTIFFS' IMPROPERLY SERVED DISCOVERY REQUESTS MUST BE STRICKEN.

Plaintiffs' discovery requests served to MAPEI employees were both improperly served pursuant to Fed. R. Civ. P. 5(b)(1), and exceed the maximum number of requests permitted by Fed. R. Civ. P. 33(a)(1). [*See* Exhibit 3.]

Rule 5(b)(1) states, "If a party is represented by an attorney, service under this rule must be made on the attorney unless the Court orders service on the party." This service on the attorney rule pertains to an Order stating that service is required, a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous Defendant, a discovery paper required to be served on a party, unless the court orders otherwise, a written motion, except one that may be heard ex parte, and a written notice, appearance, demand, or offer of judgment, or any similar paper. Fed. R. Civ. P. 5(a)(1)(A-E). Plaintiffs' failure to serve counsel for MAPEI is in direct violation of the clear requirements for service of discovery requests as set forth in Fed. R. Civ. P. 5.

In addition to failing to properly serve the discovery requests, Plaintiffs' discovery requests also violate Fed. R. Civ. Pro 33(a)(1) which limits Interrogatories to 25 requests, including all subparts, unless leave of court is obtained. Plaintiffs' discovery requests contain 39 Interrogatory

requests, the majority of which have multiple subparts. This also is a clear violation of the rules governing discovery, particularly Fed. R. Civ. Pro 33(a)(1).

## V.    CONCLUSION

Wherefore, in light of the foregoing, Defendant MAPEI Corporation respectfully requests this Court issue a Protective Order prohibiting Plaintiffs from contacting MAPEI employees directly; reasonable expenses associated with this motion; and an Order striking Plaintiffs' discovery requests.

Respectfully submitted,

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (92606)
LEWIS BRISBOIS BISGAARD & SMITH LLP
250 East Fifth Street, Suite 2000
Cincinnati, Ohio  45202
(513) 808-9911 / (513) 808-9912
kate.kennedy@lewisbrisbois.com
*Counsel for Defendant,*
*MAPEI Corporation and Lowe's Home Centers, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January 2022, a copy of the foregoing was served on all parties of record via electronic filing in the Court's ECF system, electronic mail and U.S. Mail.

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (92606)

4882-0431-9752.1

5