**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

**DANIEL SMOLKO, ET AL.**                                                       **PLAINTIFFS**

**V.**                                                       **CIVIL ACTION NO: 6:21-cv-00025**

**MAPEI CORPORATION ET AL.**                                      **DEFENDANTS**

**DEFENDANT, LOWE'S HOME CENTERS, LLC'S MOTION TO JOIN
DEFENDANT MAPEI CORPORATION'S MOTIONS FOR A PROTECTIVE ORDER,
SANCTIONS AND TO STRIKE PLAINTIFFS' DISCOVERY REQUESTS**

Defendant Mapei Corporation ("Mapei") filed a Motion with the Court for a Protective Order following several discovery violations by Plaintiffs. [DN 45.] In its motion, MAPEI also sought to have improperly served discovery stricken. [DN 45]. For substantially similar reasons, Defendant, Lowe's Home Centers, LLC ("Lowe's"), joins in MAPEI's motion and requests this Court grant it the same relief.

Counsel for Lowe's has recently become aware that Plaintiffs have made multiple attempts to contact Lowe's employees, and Plaintiffs have attempted to serve discovery directly to Lowe's employees. On January 2, 2022 and January 3, 2023, Plaintiffs sent e-mail correspondence to the President and CEO of Lowe's, Mr. Marvin Ellison, in which Plaintiffs attempted to serve discovery requests to him. [*See* E-mail correspondence and attached discovery requests, attached as Exhibit 1.]

In addition to attempting to serve discovery directly to Lowe's, Plaintiffs have also attempted to contact Lowe's Customer Relations department which, unaware of the current litigation, responded to Plaintiffs in writing. [*See* E-mail correspondence dated January 10, 2022, attached as Exhibit 2.]

The undersigned has attempted to resolve these repeated discovery violations with Plaintiffs directly with no success. On January 13, 2022, the undersigned requested that Plaintiff Daniel Smolko cease communicating directly with Lowe's employees and instead to communicate through counsel only. Plaintiff Daniel Smolko responded in writing that that the undersigned was "purposely running interference with the discovery process" and advised that over 24 sets of discovery had been sent out. [*See* E-mail correspondence, attached as Exhibit 3.]

As set forth in Mapei's Motion for a Protective Order and Sanctions, district courts have wide discretion to manage discovery in their cases including the entry of protective orders. In general, a party may serve to another party Interrogatories and Requests for the Production of Documents without leave of Court. However, the party must do so in accordance with the proper discovery processes as set forth in Fed. R. Civ. P. 26, et. seq. Plaintiffs' pro se status does not alleviate their responsibility to act in accordance with the Federal Rules of Civil Procedure.

A court may enter a protective order upon a showing of good cause by the party seeking the order. Fed. R. Civ. P. 26(c)(1). Rule 26(c) contemplates the issuance of protective orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. "To show good cause for a protective order, the moving party is required to make a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. A district court abuses its discretion where it makes neither factual findings nor legal arguments supporting the need for the order." *HD Media Co., LLC v. United States DOJ (In re Nat'l Prescription Opiate Litig.)*, 927 F.3d 919, 929 (6th Circ. 2019). The court's "good cause" inquiry takes into account the scope of the protective order as it relates to the relevant interests. *Id*. at 932.

The court's decision to enter a protective order is reviewed under an abuse of discretion standard. "An abuse of discretion occurs when the district court, in making a discretionary ruling,

relies upon an improper factor. A court of appeals should uphold the trial judge's exercise of discretion unless he acts arbitrarily or irrationally." *Id*. at 933 (quoting *United States v. Robinson*, 560 F.2d 507, 515 (2d Cir. 1977)).

Defense counsel has advised Plaintiffs that all communications must go through counsel. Despite that request, Plaintiffs have continued to communicate directly with MAPEI and Lowe's employees and to serve discovery requests to various employees individually at locations for both companies throughout the country. This is the type of behavior Rule 26(c) is meant to protect against as these types of actions cause business disturbances, annoyance, and undue expense to the Defendant in litigating this case.

In addition, Lowe's requests that Plaintiffs' discovery be stricken. Plaintiffs' discovery requests were both improperly served pursuant to Fed. R. Civ. P. 5(b)(1), and exceed the maximum number of requests permitted by Fed. R. Civ. P. 33(a)(1). [*See* Discovery Requests at Exhibit 1.]

Rule 5(b)(1) states, "If a party is represented by an attorney, service under this rule must be made on the attorney unless the Court orders service on the party." This service on the attorney rule pertains to an Order stating that service is required, a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous Defendant, a discovery paper required to be served on a party, unless the court orders otherwise, a written motion, except one that may be heard ex parte, and a written notice, appearance, demand, or offer of judgment, or any similar paper. Fed. R. Civ. P. 5(a)(1)(A-E). Plaintiffs' failure to serve counsel for Lowe's is in direct violation of the clear requirements for service of discovery requests as set forth in Fed. R. Civ. P. 5.

In addition to failing to properly serve the discovery requests, Plaintiffs' discovery requests also violate Fed. R. Civ. Pro 33(a)(1) which limits Interrogatories to 25 requests, including all

subparts, unless leave of court is obtained. Plaintiffs' discovery requests contain 39 Interrogatory requests, the majority of which have multiple subparts. [*See* Discovery Requests at Exhibit 1.] This also is a clear violation of the rules governing discovery, particularly Fed. R. Civ. Pro 33(a)(1).

For the reasons set forth in MAPEI's Motion for Protective Order, Sanctions, and Motion to Strike [DN 45], Lowe's respectfully requests that this Court issue a Protective Order prohibiting Plaintiffs from contacting Lowe's employees directly; reasonable expenses associated with this motion; and an Order striking all Plaintiffs' improperly served discovery requests.

Respectfully submitted,

/s/ Katherine L. Kennedy
Katherine L. Kennedy (92606)
LEWIS BRISBOIS BISGAARD & SMITH LLP
250 East Fifth Street, Suite 2000
Cincinnati, Ohio  45202
(513) 808-9911 / (513) 808-9912
kate.kennedy@lewisbrisbois.com
*Counsel for Defendant,*
*MAPEI Corporation and Lowe's Home Centers, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of January 2022, a copy of the foregoing was served on all parties of record via electronic filing in the Court's ECF system.

/s/ Katherine L. Kennedy
Katherine L. Kennedy (92606)