UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

Southern Division at London

Eastern District of Kentucky
**F I L E D**

JAN 2 7 2022

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

Dr. Daniel Smolko, et al.,
Plaintiffs
2622 Bean Road
Eagleville, PA 19403

Case No. 6:21-CV-25-CHB-HAI
Judge: Honorable Judge Claria H. Boom
Judge: Honorable Judge Hanly A. Ingram

Action Filed: 11/30/2020

v.

MAPEI Corporation and
Lowe's Home Centers, LLC
Defendants

Motion to Compel

To Honorable Judge Hanly A. Ingram:

Federal Rule Civil Procedure 33(a) limits the number of interrogatories to 25
including subparts. This limitation may be avoided only by leave of court or
written stipulation of the parties. For federal litigation, and in state courts which

similarly limit discovery, the interrogatories must be reduced to 25 interrogatories.

*Rule 33. Interrogatories to Parties*

*(a) In General.*

*(1) Number. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).*

*(2) Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.*

Reading through the federal rules of civil procedure, it states that interrogatories can be served on any other party, "*a party may serve on any other party no more than 25 written interrogatories*".  Plaintiffs comply with this rule and ask that Defendants only answer 25 out of the 39 Interrogatories.  Interrogatory numbers: 1a, 1b, 1c, 12, 13, 14, 16, 17, 18b, 18c, 19, 20, 21-1, 22, 25, 26a, 26c, 26h, 27, 28, 29, 30, 31, 32c and 37 and Request for the Production of Documents numbers #2, #3, #4, #5 and #7 (#7-Based on Interrogatory Question 37).  See Attached Interrogatory.

As per the court docket, Lowe's and Lowe's Corporate are not represented by Ms. Kennedy, unless Ms. Kennedy can prove otherwise or update her representation. Lowe's and Lowe's Corporate are separate entities from Lowe's Home Centers, LLC.  Mr. Marvin Ellison's role is in Lowe's Corporate.  In addition, Plaintiffs were not rude or inflammatory in any of their requests.

Interrogatories were sent out in December of 2021.  Plaintiffs requested that Mr. Marvin Ellison supply Answers to Interrogatories.  Plaintiffs requested that Mr.

David Carberry supply Answers to Interrogatories.  Plaintiffs also requested that Ms. Anna Kryczka supply Answers to Interrogatories.  Ms. Kelly Schulz, lead counsel for MAPEI Corporation, was informed about the interrogatories and a copy was sent to her.  See DE # 56.  It is apparent that Ms. Kennedy received these interrogatories from Ms. Kelly Schulz.

It is also apparent that Defendants are stalling for time, so the Interrogatories would not be answered in time.  Multiple requests for Discovery and Proof of Service were sent to Defendants via Ms. Kennedy as can be seen in the court docket.  See DE # 53, 54, 55, 56 and 46.   However, none were sent out or reinstated.

As of the present date, the Plaintiffs have not yet received executed Answers to Interrogatories or a Response to the Request for Production of Documents from Mr. David Carberry at MAPEI Corporation or Mr. Marvin Ellison at Lowe's Corporate.  Plaintiffs request that the Court Compel Answers to the shortened list of Interrogatories and shortened Request for the Production of Documents contained therein.

The Plaintiffs' move pursuant to and Federal Rules of Civil Procedure for an Order Compelling Mr. David Carberry and MAPEI Corporation to promptly produce all outstanding discovery, and requests for production of documents in support, as follows:


Mr. David Carberry by email to: DCarberry@mapei.com

Mr. Marvin Ellison by email to: Marvin.Ellison@lowes.com


The Discovery was blocked by MAPEI Corporation and Lowe's Home Centers, LLC from January 8, 2022 until the present time.  Plaintiffs have issues and have been poisoned by MAPEI Corporation's products and do not want to continue with Defendant MAPEI Corporation's unwillingness to produce discovery.  Plaintiffs ask that MAPEI Corporation need to update the Court and Plaintiffs on the status of

the Interrogatories with Requests for the Production of Documents contained therein and show proof of service.

In summary, to date Plaintiffs have not received responses to our Discovery requests from the Defendants, "Corporate John Does" or Mr. David Carberry in this matter.  Plaintiffs also ask for sanctions, damages, fees and monetary repercussions thereof against MAPEI Corporation and Lowe's Home Centers, LLC, for not allowing Mr. David Carberry to complete any of the Discovery.

WHEREFORE, the Plaintiffs move the Court for an Order compelling the Defendants, Mr. David Carberry and MAPEI Corporation to produce complete and executed Answers to the Interrogatories and Requests for Production of Documents contained therein; and the Plaintiffs move the Court for an Order for sanctions, damages, fees and monetary repercussions thereof against Defendant MAPEI Corporation.

Submitted,

Date: January 27, 2022

Daniel D. Smolko, Ph.D.

Date:  January 27, 2022

Linna R. Smolko

Date:  January 27, 2022

Joseph N. Smolko

cc: Daniel D. Smolko, Ph.D., Linna R. Smolko, and Joseph N. Smolko (Plaintiffs)

Interrogatory Attachment (Next Page):

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

Southern Division at London

| | |
|---|---|
| Dr. Daniel Smolko, et al.,<br>Plaintiffs<br>2622 Bean Road<br>Eagleville, PA 19403<br><br>v.<br><br>MAPEI Corporation and<br>Lowe's Home Centers, LLC<br>Defendants | Case No. 6:21-CV-25-CHB-HAI<br>Judge: Honorable Judge Claria H. Boom<br>Judge: Honorable Judge Hanly A. Ingram<br><br>Action Filed:   11/30/2020 |

**Plaintiffs' First Set of Interrogatories and Request for Production of Documents to Defendant MAPEI Corporation**

TO: Defendant, MAPEI Corporation, MAPEI Corporation's offices, MAPEI Corporation's facilities and MAPEI Corporation's officers and employees thereof.

The following Interrogatories are propounded to the above Defendant and are to be answered by and in accordance with the Federal Rules of Civil Procedure. Answers are requested within thirty (30) days of service hereof at Plaintiffs' mailing address: Dr. Daniel D. Smolko, Linna R. Smolko and Joseph N. Smolko, 2622 Bean Road, Eagleville, PA 19403, as set forth in the Federal Rules of Civil Procedure.

Plaintiffs' First Set of Interrogatories to Defendant MAPEI Corporation

Respectfully Submitted,

Date:   December 28, 2021

Daniel D. Smolko, Ph.D.

Date:   December 28, 2021

Linna R. Smolko

Date:   December 28, 2021

Joseph N. Smolko


cc: Daniel D. Smolko, Ph.D., Linna R. Smolko, and Joseph N. Smolko (Plaintiffs)

**PRELIMINARY INSTRUCTIONS:**

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure Defendant, MAPEI Corporation is required by Federal Law, within thirty (30) days after service hereof, to serve by e-mail and registered mail upon the Plaintiffs, namely Dr. Daniel D. Smolko, sworn answers to the following Interrogatories.

The Defendant MAPEI Corporation's attorney of record shall provide copies of the interrogatory to the enclosed list of officers and employees, preferably by e-mail, at the appropriate offices and manufacturing locations, who shall answer the Interrogatories and provide all of the information available to them concerning the use of Biocides and Isothiazolones (Isothiazolinones) commonly referred to as benzisothiazolinone, methylisothiazolinone, chloromethylisothiazolinone, methylchloroisothiazolionone, octylisothiazolinone, isothiazolinone derivatives thereof, thiazolinone derivatives thereof, thiazole derivatives thereof, in reactants thereof, in monomers or oligomers thereof, in polymers thereof, in unreacted product mixes thereof, in unreacted polymer product mixes thereof, in reacted products thereof, in pre-products thereof, in reaction mass products thereof, in derivatized products thereof, in aqueous products thereof, in hydrated products thereof, in dried products thereof and used in any stage of the manufacturing process thereof used for MAPEI Corporation's bonding primers, cements, self-leveling cements, mortars, muds, grouts, mastics and other products.

The specific products to be investigated are:  1.)  Self-Leveler Plus, 2.)  4:1 Mud Bed Mix (Sand and Cement Mortar Mix), 3.)  Primer T  4.) Eco Prim T Plus  and 5.) Keracolor S Chamois Sanded Grout.

Isothiazolinones are also called Isothiazolones by old IUPAC nomenclature conventions.  Full chemical names of IUPAC Isothiazolones (Isothiazolinones) are the following: 1,2- benzisothiazol-(2H)-one [CAS: 2634-33-5, EC: 220-120-9]; 1,2-benxisothiazolin-3-one [CAS: 2634-33-5, EC: 220-120-9]; and 5-chloro-2-methyl-4-isothiazolin-3-one [CAS: 26172-55-4, EC: 247-500-7].  Extended Nomenclatures for the same Isothiazolones (Isothiazolinones) are: Benzisothiazolone [CAS: 2634-33-

5, EC: 220-120-9]; Benzisothiazolinone [CAS: 2634-33-5, EC: 220-120-9]; Benxisothiazolinone [CAS: 2634-33-5, EC: 220-120-9]; 1,2-benzisothiazol-3(2H)-one [CAS: 2634-33-5, EC: 220-120-9]; 1,2-benzisothiazolin-3-one [CAS: 2634-33-5, EC: 220-120-9]; 1,2-benxisothiazolin-3-one [CAS: 2634-33-5, EC: 220-120-9]; Chloromethylisothiazolinone [CAS: 26172-55-4, EC: 247-500-7]; methylchloroisothiazolinone [CAS: 26172-55-4, EC: 247-500-7]; 5-chloro-2-methylisothiazol-3(2H)-one [CAS: 26172-55-4, EC: 247-500-7]; 5-chloro-2-methyl-4-isothiazolin-3-one [CAS: 26172-55-4, EC: 247-500-7]; 2-methyl-2H-isothiazol-3-one [CAS: 2682-20-4, EC: 220-239-6]; 2-methyl-2H-isothiazolin-3-one [CAS: 2682-20-4, EC: 220-239-6]; 2-methyl-1,2-thiazol-3(2H)-one [CAS: 2682-20-4, EC: 220-239-6]; 2-methyl-1,2-thiazolin-3(2H)-one [CAS: 2682-20-4, EC: 220-239-6]; 2-methylisothiazol-3(2H)-one [CAS: 2682-20-4, EC: 220-239-6]; 2-methylisothiazolin-3(2H)-one [CAS: 2682-20-4, EC: 220-239-6]; 2-methyl-4-isothiazol-3-one [CAS: 2682-20-4, EC: 220-239-6]; 2-methyl-4-isothiazolin-3-one [CAS: 2682-20-4, EC: 220-239-6]; and Mixtures of these such as (3:1), [CAS: 55965-84-9, EC:611-341-5].

Often Isothiazolones, Isothiazolinones and mixtures of these are also sold under various brand names of:

Acticide

Algucid

Algucid CH 50

Amerstat 250

Euxyl K100

GR 856

Groton TK2

Isocil(R) PC

Kathon CG / LX / WT / 886

Lonzaserve(R) PC

Mergal K7

Metatin GT

Mitco CC / 31/32 L

Mx 323

Neolone CapG / 950 / MxP

Optiphen

Parmetol A / DF / K

Piror P109

Promex Alpha / BM

Proxel AQ / PL / XL2

Salicat MM / MI-10 / K100 / K145

Salimix MCl

Sharomix MI / MT / MCl

Special Mx 323


Searching for **the first word in the above brand names** (such as **"Kathon"**), **the root "isothiazo"** or **the root "thiazo"** may provide easy access to electronic records.

**E-Mailing Instructions:**

Completed copies of the interrogatories are to be answered fully and separately by the officers and employees and the entire contents and the signed interrogatory e-mailed to Dr. Daniel Smolko by January 28, 2022 as follows:

**E-mail: ddsmolko@gmail.com**

Only the originally signed interrogatory (not a photocopy) should be mailed via registered mail to:

**Dr. Daniel D. Smolko**
**2622 Bean Road**
**Eagleville, PA 19403**

**INSTRUCTIONS FOR INTERROGATORIES**

A.      With respect to all questions, all information is to be divulged which is within the knowledge, possession or control of the corporation or company to whom these Interrogatories are addressed, as well as the corporation or company's attorneys, investigators, agents, employees or other representatives.

If you cannot answer the following Interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

B.      "Defendant" or "You" or "Your company" includes the named Defendant.

C.      "Predecessors" as used herein means any corporation, company, joint venture, partnership, sole proprietorship or other entity which Defendant has ever acquired through purchase, reorganization or merger.

D.      "Related companies" as used herein means any corporation, company, partnership, joint venture or other entity which at any time owned more than a 10% interest in Defendant. "Related companies" also means any company, corporation, partnership, joint venture or other entity in which Defendant at any time owned more than a 10% interest.

E.      "Document" includes, without limitation, books, records, writings, notes, letters, correspondence with whomever, memoranda and recordings in possession or control of Defendant or Defendant's attorneys, investigators, agents, or employees. Such reference to documents includes originals and copies, microfilms and transcripts made, recorded, produced or reproduced by any means and every means. "Document" also includes the content of any applicable computer database.

F.      Where used with respect to documents, "identify" means to give the date, title, origin, author and addressee (where appropriate) to enable Plaintiffs to retrieve it from a file;

and, further, "identify" means to give the name, address, position or title of the person who has custody of the document. Whenever identification is requested and Defendant is willing to produce the documents voluntarily for inspection and copying without the necessity of Plaintiffs' filing a motion to produce, Defendant may respond by stating when and where the document may be inspected, or by attaching a copy of the requested document to the answers to these Interrogatories.

G.      An "Isothiazolone" or "Isothiazolinone" is as provided on pages 3 through 5 above. In particular those isothiazolones used in the formulation, production or manufacture of bonding primers, cements, self-leveling cements, mortars, muds, grouts, mastics and other related products.

An "Isothiazolinone-containing product" as used herein means any product which included or includes any form of an "Isothiazolone" or "Isothiazolinone" in any part of its initial ingredients, ingredients, incoming chemicals, chemicals, incoming monomers, incoming polymers, initial composition, composition, initial formulation, formulation, inventory, storage or manufacture.

H.      Where appropriate, the singular includes the plural and vice-versa.

**INTERROGATORIES**

INTERROGATORY NO.1:   As to the person(s) answering these Interrogatories, state:

(a)     Name;

(b)     Title or position with Defendant;

(c)     Business address;

(d)     Length of time employed by Defendant;

(e)     State year by year all other positions, titles or jobs you have held with the Defendant;

(I)     The years during which Defendant has been licensed to do business
ANSWER:

within the State(s) of _____.

 (Mainly: State of Pennsylvania and State of Kentucky)

INTERROGATORY NO. 2: State the proper legal name and the present address of the principal place of business of each of Defendant's related companies. For each related company identified, please state:

(a) Whether or not the company is licensed to do business in the State of

Pennsylvania and the State of Kentucky;

(b) The business relationship between the company and Defendant;

(c) The nature of the products or services that Defendant sells to or purchases from the company;

(d) The type of business the company conducts within the State of Pennsylvania and the State of Kentucky;

(e) Whether or not the company advertises Defendant's products or services within the State of Pennsylvania and the State of Kentucky;

(f) Whether or not the company sells Defendant's products or services within the State of Pennsylvania and State of Kentucky; and, if so, the approximate dates of those sales or services in each state in the State of Pennsylvania and the State of Kentucky (example: 1970 to the present);

(g) Whether or not Defendant has any control, directly or indirectly, over the company's advertising of Defendant's products or services.

ANSWER:

INTERROGATORY NO. 3: State the following concerning this Defendant:

(a) Full and correct name:

(b) Principal place of business:

Plaintiffs' First Set of Interrogatories to Defendant MAPEI Corporation

(c)     State of incorporation:

(d)     Date of incorporation, and name of corporation;

(e)     Is this Defendant authorized to transact business in the State of Pennsylvania and the State of Kentucky?

(f)     Does this Defendant have an agent, representative, or place of business in the State of Pennsylvania or the State of Kentucky?  If so, state the name and address of such agent, representative or other place of business;

(g)     Does this Defendant have an agent for service in the State of Pennsylvania or the State of Kentucky?

If so, state the name and address of the registered agent:

ANSWER:

INTERROGATORY NO. 4: Has this Defendant been sued under its correct name? If not, state the correct legal name of the Defendant and provide the information requested in No. 3 above concerning the Defendant as correctly named.

ANSWER:

INTERROGATORY NO. 5: Has this Defendant ever acquired through purchase, reorganization or merger another corporation, company, or business which used or supplied Isothiazolinone-containing chemicals, ingredients or products for use in its facilities?

ANSWER:

INTERROGATORY NO.6:   If the answer to Interrogatory No. 5 is "Yes", then state the following concerning such predecessor:

(a)     Full and correct name;

(b)     The principal place of business;

(c)     State of incorporation;

(d)     Date of acquisition by Defendant;

(e)     Was this business authorized to transact business in the State of Pennsylvania and the State of Kentucky?

(f)     Attach copies of all papers pertaining to the acquisition.

ANSWER:

INTERROGATORY NO. 7: As to any Isothiazolinone-containing chemicals, ingredients or products in any form, has this Defendant, or any predecessor(s):

(a)     Ever purchased Isothiazolinone-containing chemicals, ingredients or products?

(b)     Ever supplied Isothiazolinone-containing chemicals, ingredients or products for use at its facilities?

(c)     Ever sold any Isothiazolinone-containing chemicals, ingredients or products?

(d)     Ever specified Isothiazolinone-containing chemicals, ingredients or products for use by contractors, subcontractors, customers?

ANSWER:

INTERROGATORY NO. 8:  If your Answer to No. 7 (a), (b), (c), or (d) is "Yes", then give the trade name and chemical name of the Isothiazolinone-containing chemicals, ingredients and products, the year the Defendant or predecessor first purchased, sold, provided or specified such Isothiazolinone-containing chemicals, ingredients or products, and the year the Defendant last purchased, sold, provided or specified such Isothiazolinone-containg chemicals, ingredients or products.

ANSWER:

INTERROGATORY NO. 9: What is the name, address, and the job title of each individual who participated in the decision to purchase each such Isothiazolinone-containing chemicals, ingredients or products?

ANSWER:

INTERROGATORY NO. 10:  Excluding MSDS sheets (Material Safety Data Sheets), Do any electronic purchase documentation, process documents, inventory documentation, memoranda, specifications, advertisements, laboratory documents or written materials of any kind or character relating to the decision to purchase said Isothiazolinone-containing chemicals, ingredients or products now exist?

ANSWER:

INTERROGATORY NO. 11:  If so, please state:

(a)     List each written material or document;

(b)     Who presently has possession of each such document;

(c)     Where is it located?

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS # 1:  Please attach a copy of each document set forth in Answer 11a.

INTERROGATORY NO. 12:  In what year did the Defendant first purchase, provide, or specify for use in its facilities, manufacture, formulations or processes any Isothiazolinone-containing chemicals, ingredients or products?

ANSWER:

INTERROGATORY NO. 13:  In what year did the Defendant last purchase, provide, or specify for use in it's facilities, manufacture, formulations or processes any Isothiazolinone-containing chemicals, ingredients or products?

ANSWER:

INTERROGATORY NO. 14:  As to the named Defendant state the various types of Isothiazolinone-containing chemicals, ingredients or products purchased or provided for use in it's facilities, manufacture, formulations or processes.

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS #2:   Please attach a copy of any and all documents listing or specifying Isothiazolinone-containing chemicals, ingredients or products for use in your facilities, manufacture, formulations or processes.


INTERROGATORY NO. 15: Is Defendant, as of the date of answering these Interrogatories, still purchasing or providing for use in its facilities, manufacture, formulations or processes any Isothiazolinone-containing chemicals, ingredients or products?  If so, give the type and brand names of such products and the quantity used per annum:


INTERROGATORY NO. 16:  Was it a foreseeable use of any of these Isothiazolinone-containing products, which Defendant purchased or provided for sale would be installed by someone such as the Plaintiff in their homes, place of business or in their facilities?

ANSWER:

INTERROGATORY NO. 17.: Was it a foreseeable use of any of these Isothiazolinone-containing products which were purchased or provided for sale, may have to be removed, stripped or replaced at any time after installation?

ANSWER:

INTERROGATORY NO. 18: If the answer to Interrogatory 17 is affirmative, please state:

(a)     The name, address, and job titles of the individuals who conducted such tests;

(b)     The results of such tests;

(c)     The date of such tests.

ANSWER:

INTERROGATORY NO. 19:  Did the tests generate any dust or powders?

INTERROGATORY NO. 20:  Did Defendant or any predecessor or related companies measure dust and powder level counts or otherwise monitor the dust and powder levels in areas where Isothiazolinone-containing chemicals, ingredients or products were being used, installed or removed?  If so, state the procedure started, the duration of such procedure and the purpose of such procedure.

INTERROGATORY NO. 21:  If the Answer to Interrogatory 20 is affirmative, please state:

1) What were the Isothiazolinone levels.

2) What action was taken.

3) When was action taken.

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS #3:   Please attach a copy of the result of any testing set forth in your response to Interrogatory 21.

INTERROGATORY NO. 22: Did Defendant or any predecessor or related companies measure Isothiazolinone concentrations on walls, floor moldings, floors or cold surfaces in areas where Isothiazolinone-containing chemicals, ingredients or products were being used, installed or removed?  If so, state the procedure started, the duration of such procedure and the purpose of such procedure.

INTERROGATORY NO. 23: If the answer to Interrogatory No. 22 is affirmative, please state:

a.    The date of the study.

b.    The nature of the study.

c.    The purpose of the study.

d.    The names of all persons conducting the studies.

ANSWER:

INTERROGATORY NO. 24:  Did Defendant ever give persons who would be applying or removing Isothiazolinone-containing chemicals, ingredients or products instructions concerning safety precautions to use in applying such products?  If so, describe such instructions, to whom they were given, the dates they were given, and the manner of giving such instructions.

ANSWER:

INTERROGATORY NO. 25: Did Defendant ever place any warning signs on the containers of the Isothiazolinone-containing chemicals, ingredients or products utilized in your production, storage or transportation facilities?

ANSWER:

INTERROGATORY NO. 26:  If you have answered Interrogatory No. 25 in the affirmative, please state:

(a)    On what date did your company issue an order directing a warning be placed on the Isothiazolinone-containing chemicals, ingredients, bagged products, tubbed products, packaged products or other products?

(b)    On what date was such warning actually first placed on such Isothiazolinone-containing chemicals, ingredients, bagged products, tubbed products, packaged products or other products?

(c)    On what date did such Isothiazolinone-containing chemicals, ingredients, bagged products, tubbed products, packaged products or other products, accompanied by such warning, first reach the sales companies, contractors or consumers?

(d)    State the exact wording of the first warning;

(e)    State the exact size of the warning printed on your such packaged products;

(f)    Did your company dictate the exact size of the printed warning?

(g)    Why did your company or its predecessor(s) place such warning on the Isothiazolinone-containing chemicals, ingredients, bagged products, tubbed products, packaged products or other products?

(h)     Did your company place such warning on the Isothiazolinone-containing chemicals, ingredients, bagged products, tubbed products, packaged products or other products, because you received a directive, command, suggestion, legal opinion, or any type of communication (written or otherwise) from any person, firm, corporation governmental agency, committee, association, attorney or institute? If so, from whom and on what date did you receive such directive, command, suggestion, legal opinion, or other type of communication;

(i)  If the wording of the warning has ever been changed or altered, state when it was changed and the exact change in the wording.

 ANSWER:

INTERROGATORY NO. 27:  Did your company ever place any warning directly on any of the Isothiazolinone-containing chemicals, ingredients, bagged products, tubbed products, packaged products or other products it supplied to other businesses, sales companies, contractors or consumers in the United States?

ANSWER:

INTERROGATORY NO. 28:  Were any material safety data sheets listing Isothiazolinones in Defendant's chemicals, ingredients, bagged products, tubbed products, packaged products or other products sold in the United States ever made available by Defendant to other businesses, sales companies, contractors or consumers in the United States?

ANSWER:

INTERROGATORY NO. 29: If the Answer to Interrogatory No. 28 is in the affirmative, When were these material safety data sheets changed to eliminate the listing of Isothiazolinones in Defendant's chemicals, ingredients, bagged products, tubbed products, packaged products or other products made available to other businesses, sales companies, contractors or consumers in the United States?

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4: If the Answer to Interrogatory No. 28 is affirmative, please attach copies of all material safety data sheets, before and after the change, and state to whom the material safety data sheets were supplied.

ANSWER:

INTERROGATORY NO. 30: Has your company ever directly advised any businesses, sales companies, contractors or consumers to whom you sold Isothiazolinone-containing chemicals, bagged products, tubbed products, packaged products or other products made available in the United States to prevent or limit values of exposure to the Isothiazolinone vapors and condensates emanating from the chemicals, ingredients or products?

ANSWER:

INTERROGATORY NO. 31: Did Defendant, its' predecessors or related companies ever make or cause to be made any test or study with regard to Isothiazolinone-

containing products and the quantity, quality or threshold limit values of vapors, dust or particles to which Defendant's employees, applicators/installers and consumers were exposed to while using such products.

ANSWER:

INTERROGATORY NO. 32: If answer to Interrogatory No. 31 is affirmative, state:

a.    The name or names of the person(s) conducting these tests.

b.    The date of the tests.

c.    The results of each test.

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5: Attach copies of any reports, findings or memoranda concerning such tests or studies set forth in Response to Interrogatories 31 and 32.

INTERROGATORY NO. 33:  Did Defendant or their worker's compensation insurance carrier(s) ever have any claims made against it for medical diseases or respiratory issues, whether directly or indirectly attributed to or any exposure to Isothiazolinone-containing chemicals, ingredients, bagged products, tubbed products, packaged products or other products?

ANSWER:

INTERROGATORY NO. 34: If the Answer to Interrogatory No. 33 is affirmative, state the name of each such employee.

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6: Attach copies of any such claims and copies of all documents relating to the disposition and handling of such claims as set forth in your Answer to Interrogatories No. 33 and 34.

INTERROGATORY NO. 35: Please state whether any officer, director, supervisor or other official of Defendant, its' predecessors or related companies, have knowledge, information or understanding that Isothiazolinone-containing chemicals, ingredients or products would, could or might produce the diseases of:

(a)    Autoimmune Disease or Dysfunction;

(b)    Cognitive or Sensory Issues (Vision, Hearing, Taste, Touch, Smell, Concentration, Mental Focus or Depletion (Loss) Thereof);

(c)    Lesions, Sores, Rashes or Swelling;

(d)    Abdominal Swelling, Respiratory Issues, Lung Cancer;

(g)    Neuropathies, Nerve Paralysis;

(h)    Any other diseases;

(i)    State the name or names of each such official.

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:  Attach a copy of any documents, records or memorandums of any kind concerning the knowledge set forth in your Answer to Interrogatories #35.

INTERROGATORY NO. 36:  List by brand name every Isothiazolinone-containing chemical, ingredient or product which Defendant has purchased or provided for use to employees at its facilities since 1970.  As to each such product, please state the following:

(a)    The type of product or brand name;

(b)    The date the product was purchased or provided;

(c)    The date the use of the product was discontinued;

(d)    The last date the product was purchased;

(e)    The identity of the plant manager(s), managing agent(s), buyer(s), clerk(s), and purchasing agent(s) of Defendant who has knowledge of the products purchased by or used by Defendant.

ANSWER:

INTERROGATORY NO. 37:  Did any manufacturer of Isothiazolinone-containing chemicals, ingredients or products ever inform or advise Defendant or any of Defendant's employees, officers or directors that their products could cause Autoimmune Disease or Dysfunction, Cognitive or Sensory Issues, Lesions, Sores, Rashes, Swelling, Abdominal Swelling, Respiratory Issues, Lung Cancer, Neuropathies, Nerve Paralysis and/or other serious diseases?

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:  If Answer to Interrogatory No. 37 is affirmative, please state:

(a)    Date or dates information was provided.

(b)    The name and address of each person who received the information.

(c)    The nature of the information provided.

INTERROGATORY NO. 38:  Is Defendant now aware or does any of its' officers, directors or employees possess knowledge concerning the reported causal connection between exposure to Isothiazolinone-containing chemicals, ingredients or products and:

(a)     Autoimmune Disease or Dysfunction;

(b)     Cognitive or Sensory Issues (Vision, Hearing, Taste, Touch, Smell, Concentration, Mental Focus or Depletion (Loss) Thereof);

(c)     Lesions, Sores, Rashes or Swelling;

(d)     Abdominal Swelling, Respiratory Issues, Lung Cancer;

(g)     Neuropathies, Nerve Paralysis;

(h)     Any other diseases;

ANSWER

INTERROGATORY NO. 39:  If your answer to any or all of its subparts of Interrogatory No. 38 is Affirmative, identify:

(a)     When and how Defendant or any of its officers, directors or employees first learned of such connection;

(b)     If knowledge was obtained by attendance at any conference, lecture, convention, symposium or meeting, identify such meeting and provide the identity of persons attending and documents obtained;

(c)     If knowledge was obtained from medical or scientific studies, or any other published work, identify same;

 (d)     If otherwise obtained, identify manner of receipt of document or communication.

ANSWER:

Respectfully Submitted,


_____            Date:  January \_\_\_\_, 2022

Mr. David Carberry

Director, Purchasing and Supply Chain

MAPEI Corporation (MAPEI Americas)

1144 E Newport Center Dr.

Deerfield Beach, Florida 33442

U.S.A.

This Page Intentionally Left Blank (End of Interrogatory Document)

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of this Motion to Compel was mailed via U.S. mail, postage prepaid and/or electronic-mail on the 27th day of January, 2022 to the following parties:


Attorneys for MAPEI Corporation and Lowe's Home Centers, LLC:

Katherine L. Kennedy
LEWIS BRISBOIS BISGAARD & SMITH LLP
250 East Fifth Street
Suite 2000
Cincinnati, OH 40502
(513) 808 9914 (tel)
(513) 808 9912 (fax)
kate.kennedy@lewisbrisbois.com

Sherry Coffee
LEWIS BRISBOIS BISGAARD & SMITH LLP
2333 Alexandria Drive
Lexington, KY 40504
(859) 663-9830 (tel)
(859) 663-9829 (fax)
sherry.coffey@lewisbrisbois.com

Mindy Stallmeyer
LEWIS BRISBOIS BISGAARD & SMITH LLP
2333 Alexandria Drive
Lexington, KY 40504
(859) 663-9830 (tel)
(859) 663-9829 (fax)
mindy.stallmeyer@lewisbrisbois.com

Aimee Muller
LEWIS BRISBOIS BISGAARD & SMITH LLP
250 East Fifth Street
Suite 2000
Cincinnati, OH 40502
(513) 808 9914 (tel)
(513) 808 9912 (fax)
aimee.muller@lewisbrisbois.com

Attorneys for Lowe's Home Centers, LLC:

Laura L. Mays
Steptoe & Johnson PLLC
One Paragon Centre
2425 Harrodsburg Road
Suite 300
Lexington, Kentucky 40504
(859) 219-8216 (tel)
(859) 255-6903 (fax)
laura.mays@steptoe-johnson.com

Gregory A. Jackson
Steptoe & Johnson, PLLC - Lexington
One Paragon Centre
2525 Harrodsburg Road
Suite 300
Lexington, KY 40504
859-219-8216
859-255-6903 (fax)
greg.jackson@steptoe-johnson.com

Date: January 27, 2022

Daniel D. Smolko, Ph.D.