UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**DANIEL SMOLKO, ET AL.**                                                                 **PLAINTIFFS**

V.                                                                                        CIVIL ACTION NO: 6:21-cv-00025

**MAPEI CORPORATION ET AL.**                                                              **DEFENDANTS**

**DEFENDANT, LOWE'S HOME CENTERS, LLC AND MAPEI CORPORATION'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Defendants, MAPEI Corporation and Lowe's Home Centers, LLC ("Defendant") respectfully request that Plaintiffs' Motion to Compel [DN 57] be denied.

**1.  Reply in Support of Protective Order**

As set forth in MAPEI's Motion for Protective Order [DN 45] and Lowe's Joinder in the same [DN 50], in late December and early January, defense counsel became aware that Plaintiffs improperly attempted to serve discovery directly to the Defendants' employees.

It was not until January 18 and 19, 2022 that Plaintiffs served discovery requests upon counsel for Lowe's and MAPEI. [*See* E-mail correspondence attached as Exh. 1.]

Fed. R. Civ. P. 5 provides that discovery papers "must be made on the attorney," if a party is represented by an attorney. Plaintiffs have been aware that both Lowe's and MAPEI are represented by counsel, and all discovery must be served to counsel. In fact, the undersigned specifically advised Dr. Smolko that all communications and discovery must go through counsel. The undersigned has also entered her appearance as co-counsel in the record for Lowe's Home Centers.

4893-9913-6013.1                                              1

There is some suggestion in Plaintiffs' Motion to Compel that they intended to serve non-parties in this matter that are not represented by counsel. [*See* DN 59, p. 2.] To the extent Plaintiffs seek discovery from non-parties, the civil rules do not provide for Interrogatories or Requests for Production to be served to non-parties.

Although Plaintiffs now appear to be directing discovery to counsel, Defendants respectfully request an Order prohibiting Plaintiffs from contacting Lowe's and MAPEI employees directly; and an Order striking Plaintiffs' discovery requests served improperly to Defendants' employees.

**2. Plaintiffs' Motion to Compel should be denied for failure to timely serve discovery.**

It was not until January 19, 2022 that Plaintiffs served discovery requests upon Lowe's and MAPEI's counsel. [*See* E-mail correspondence attached as Exh. 1.] According to the Court's Scheduling Order [DN 8], all discovery requests shall be served in a manner calculated for response compliant with the deadline. The deadline for fact discovery is February 1, 2022. As Plaintiffs did not serve discovery to the Defendants within the time calculated for response compliant with the discovery deadline, Defendants are under no obligation to respond to Plaintiffs' discovery.

Alternatively, the Defendants seek the Court's guidance as to whether they are required to respond to the January 19, 2022 discovery requests. Per the Court's procedures for initiating discovery disputes, the undersigned has twice contacted Dr. Smolko to request a telephonic "meet and confer" prior to requesting Court intervention, but has not received a response. [*See* Exh. 2.] In the event the Court requires Defendants to respond to Plaintiffs' discovery requests served January 19, 2022, the deadline for doing so would be February 18, 2022, and Plaintiffs' Motion to Compel should be denied as premature.

3. **Plaintiff's Motion to Compel does not comply with the Local Rules Regarding Resolution of Discovery Disputes**

Pursuant to the Court's Scheduling Order [DN 8], the parties shall first confer orally concerning a discovery dispute. If the parties are unable to resolve the dispute informally, they should request a telephone conference with the Magistrate. If, and only if, a dispute continues after the conference, a party may file a Motion. [DN 8.]

Similarly, Local Rule 37.1 provides that counsel must make a good faith effort to resolve extrajudicially any dispute relating to discovery, and that the moving party must attach a certification that counsel have conferred and are unable to resolve their differences. Plaintiffs' Motion to Compel fails to contain this certification. In fact, the undersigned has attempted twice recently to meet and confer with Dr. Smolko, orally, prior to seeking judicial intervention. [*See* E-mail correspondence, Exh. 2.] The undersigned has not received a response to this e-mail correspondence.

Respectfully submitted,

/s/ Katherine L. Kennedy
Katherine L. Kennedy (92606)
LEWIS BRISBOIS BISGAARD & SMITH LLP
250 East Fifth Street, Suite 2000
Cincinnati, Ohio  45202
(513) 808-9911 | (513) 808-9912
kate.kennedy@lewisbrisbois.com
*Counsel for Defendant,*
*MAPEI Corporation and Lowe's Home Centers, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 7th day of February 2022, a copy of the foregoing was served on all parties of record via electronic filing in the Court's ECF system, in addition to regular pro se via U.S. mail, by emailing a copy of this Order to Plaintiffs at ddsmolko@gmail.com and lrsmolko@gmail.com.

                                                             */s/ Katherine L. Kennedy*
                                                             Katherine L. Kennedy (92606)