UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DANIEL SMOLKO, *et al.*,                )
                                        )
    Plaintiffs,                         )
                                        )
v.                                      )   No. 6:21-CV-25-CHB-HAI
                                        )
                                        )   ORDER
MAPEI CORPORATION, *et al*,             )
                                        )
    Defendants.                         )
                                        )

\*\*\* \*\*\* \*\*\* \*\*\*

The Court addresses several pending motions. First, on December 27, 2021, the *pro se* Plaintiffs filed a "Motion for Judicial Notice." D.E. 43. The filing includes a "Presentation" by Plaintiff Dr. Daniel Smolko entitled "Isothiazolinones: The Hidden Biocides." The motion simply states, "Plaintiffs submit the following information for Judicial Notice and as fulfillment of partial discovery at request of Defendants." *Id*. Plaintiffs simultaneously submitted eight multi-page Material Safety Data Sheets ("MSDS") from Defendant MAPEI Corporation. D.E. 42. Defendants responded in opposition to the motion. D.E. 48. No reply was filed.

A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "In a civil case like this one, when a court takes judicial notice, the noticed fact is presented to the jury, which is required to accept it 'as conclusive.'" *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) (quoting Rule 201(f)).

"[C]ourts do not take judicial notice of documents, they take judicial notice of facts." *Abu-Joudeh*, 954 F.3d at 848.  Indisputability of facts to be noticed is "a prerequisite" to judicial notice, and "dispensing with traditional methods of proof should only occur in clear cases." *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012).  A court cannot take judicial notice of facts subject to reasonable dispute by the parties.  *Abu-Joudeh*, 954 F.3d at 848-49.

To the extent that Docket Entry 43 seeks judicial notice as defined by Rule 201, the motion will be denied.  First, the motion appears to request judicial notice of *documents*, not *facts*.  Second, to the extent the motion seeks judicial notice of facts, Defendants clearly dispute those facts, and the determination of these facts (concerning the alleged danger posed by Defendants' products) is at the heart of the case.

Next, on January 7, 2022, Defendant MAPEI Corporation filed a motion seeking (1) "a Protective Order directing Plaintiffs to refrain from communicating directly with MAPEI employees, serving discovery requests to anyone other than counsel for the parties, and to otherwise conduct themselves in accordance with the Federal Rules of Civil Procedure," (2) monetary sanctions against Plaintiffs, and (3) an order striking discovery requests plaintiffs allegedly served on MAPEI employees.  D.E. 45.  MAPEI complained that Plaintiffs had improperly served discovery directly upon employees rather than through counsel and that Plaintiffs' interrogatories exceed the 25-request limit of Rule 33(a)(1).  *Id*.  Defendant Lowe's Home Centers, LLC, joined the motion.  D.E. 50.  The Court ordered Plaintiffs to respond by January 28.  D.E. 52.

On January 28, the Clerk's Office docketed a filing from Plaintiffs styled a "Motion to Compel."  D.E. 57.  Based on its timing and contents, the Court construed this filing as a response

to the motion for a protective order and sanctions combined with a motion to compel discovery responses.

On February 7, 2022, Defendants jointly filed a combination reply on their motion for a protective order and response to Plaintiffs' motion to compel. D.E. 62. Several issues are involved in these motions.

First, Defendants assert that Plaintiffs' discovery requests "violate Fed. R. Civ. Pro 33(a)(1) which limits Interrogatories to 25 requests, including all subparts, unless leave of court is obtained. Plaintiffs' discovery requests contain 39 Interrogatory requests, the majority of which have multiple subparts." D.E. 45-1 at 4-5. In response, Plaintiffs adjusted their request and asked Defendants to respond to 25 of their propounded interrogatories. D.E. 57 at 2.

But this concession does not solve the problems with Plaintiffs' discovery requests. As argued by Plaintiffs in their motion to compel discovery responses, "Interrogatories were sent out in December of 2021," but no responses have been received. D.E. 57 at 2-3. According to Plaintiffs, they served discovery on Marvin Ellison, David Carberry, Anna Kryczka, and Kelly Schulz. *Id*. at 3. Plaintiffs seek "an Order compelling the Defendants, Mr. David Carberry and MAPEI Corporation to produce complete and executed Answers to the Interrogatories and Requests for Production of Documents contained therein," plus sanctions for discovery violations. *Id*. at 4.

In response, Defendants assert that they (*i.e.*, defense counsel) did not receive the discovery requests until January 19, 2022. D.E. 61 at 2. Defendants include as an exhibit an email from Plaintiff Daniel Smolko to defense counsel dated January 18, at 8:33 p.m., stating that "discovery to MAPEI" is attached. D.E. 61-1. Defendants note that the fact discovery deadline was February 1, 2022. D.E. 61 at 2. The Court's Scheduling Order provides that "all discovery requests shall

3

be served in a manner calculated for response compliant with the deadline." D.E. 8 at 1. Rules 33 and 36 of the Federal Rules of Civil Procedure provide 30 days to respond to interrogatories and document requests. So, given that defense counsel did not receive the discovery requests until January 18, responses are not required until February 18, which is beyond the fact-discovery deadline of February 1.[1] Because Plaintiffs' discovery requests are non-compliant with the Scheduling Order, *Defendants are not required to respond to them*. Plaintiffs' motion to compel (with its included request for sanctions) will be denied.

Finally, the Court considers Defendant's initial request for a protective order. According to MAPEI, they learned in December

> that Plaintiff Daniel Smolko was directly contacting a number of employees of MAPEI and serving discovery requests to those employees, along with statement regarding their obligations with respect to the requests. On December 30, Defendant's counsel sent e-mail correspondence to Dr. Smolko advising him that all contact with MAPEI employees should be through counsel only.

D.E. 45-1 at 1. However, the next day, Plaintiffs continue to serve discovery requests on MAPEI employees "at various MAPEI facilities throughout the United States." *Id*. at 1-2.

According to Lowe's,

> On January 2, 2022 and January 3, 2023, Plaintiffs sent e-mail correspondence to the President and CEO of Lowe's, Mr. Marvin Ellison, in which Plaintiffs attempted to serve discovery requests to him. . . . Plaintiffs have also attempted to contact Lowe's Customer Relations department which, unaware of the current litigation, responded to Plaintiffs in writing.
>
> . . . . On January 13, 2022, the undersigned requested that Plaintiff Daniel Smolko cease communicating directly with Lowe's employees and instead to communicate through counsel only. Plaintiff Daniel Smolko responded in writing that that the undersigned was "purposely running interference with the discovery process" and advised that over 24 sets of discovery had been sent out.

D.E. 50 at 1-2.

---

[1] Under Rule 6(a)(1)(A), the 30-day response period begins the day after the triggering event, and the triggering event here is the January 18 receipt of the email containing the discovery requests.

Under Federal Rule of Civil Procedure 26(c)(1), a party "may move for a protective order in the court where the action is pending." The motion" must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." The Court can issue a protective order "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The order may, among other things, "forbid[] the disclosure or discovery." Fed. R. Civ. P. 26(c)(1).

> To show good cause for a protective order, the moving party is required to make a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. A district court abuses its discretion where it makes neither factual findings nor legal arguments supporting the need for the order.

*In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929 (6th Cir. 2019) (citations and quotation marks omitted).

Under Rule 5(b)(1), "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." The Court hopes that the issue has been resolved and Plaintiffs will no longer directly serve discovery requests on employees of Defendants. Nevertheless, in an abundance of caution, and to make clear that the employees need not respond to the discovery requests, the motion for a protective order will be granted. Defendants have made a particularized showing of fact that Plaintiffs violated Rule 5(b)(1) and served discovery on employees of the defendant companies, rather than defense counsel. Defendants have also certified that they attempted to confer with Plaintiffs, but Plaintiffs' attempts to contact Defendants' employees directly did not immediately cease. D.E. 45-1 at 3; D.E. 50 at 3. Under these circumstances, a protective order is warranted to prevent the annoyance, embarrassment, oppression, or undue burden or expense that the Civil Rules are designed to curtail.

For the reasons explained above, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's motion for judicial notice (D.E. 43) is **DENIED**.

(2) Defendants' motion for a protective order (D.E. 45, 50) is **GRANTED IN PART**. Plaintiffs are **PROHIBITED** from serving discovery and/or communicating directly with MAPEI or Lowe's employees and must go through counsel. Plaintiffs' discovery requests sent directly to employees of Defendants are **STRICKEN** and need not be responded to. However, Defendants' request for sanctions is **DENIED** as unjust, given that Plaintiffs are proceeding *pro se*. Going forward, the Court expects both parties to comply fully with the Federal Rules and the Local Rules and orders of this Court.

(3) Plaintiffs' motion to compel discovery (and for sanctions) (D.E. 57) is **DENIED**.

(4) To facilitate delivery, the Clerk of Court SHALL (in addition to the regular pro se mailing) email a copy of this Order to Plaintiffs at ddsmolko@gmail.com and lrsmolko@gmail.com.

This the 10th day of February, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge