UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DANIEL SMOLKO, *et al.*,

    Plaintiffs,

v.

MAPEI CORPORATION &
LOWE'S HOME CENTERS, LLC,

    Defendants.

No. 6:21-CV-25-CHB-HAI

RECOMMENDED DISPOSITION

\*\*\* \*\*\* \*\*\* \*\*\*

Currently pending are Defendant Lowe's' motion to dismiss as a discovery sanction (D.E. 69) and Defendants Lowe's' and Mapei's motion to dismiss for lack of prosecution (D.E. 83). Despite having several months to do so, Plaintiffs did not respond to either motion. District Judge Boom referred both motions to the undersigned. D.E. 84, 87. The Court herein recommends that the motions to dismiss be granted. First, Plaintiffs filed no opposition to the motions to dismiss. Second, dismissal is warranted as a discovery sanction under Rule 37. Third, dismissal is warranted for failure to prosecute under Rule 41.

## I. Background

Plaintiffs Daniel and Linna Smolko, through counsel, filed this product-liability action in Pulaski Circuit Court on November 30, 2020. D.E. 1-1. They charged Defendants with negligence in the design, manufacture, marketing, and selling of a product called Self Leveler Plus (Count 1), strict liability for defective design (Count 2), strict liability for failure to warn (Count 3), breach of express warranty (Count 4), breach of implied warranties (Count 5), and misrepresentation by

omission (Count 6). Plaintiffs claim to have suffered physical injuries and related damages, including damages to property, from using the product in their home. D.E. 1-1.

Defendants removed the matter to federal court on November 19, 2021. D.E. 1.

In May 2021, Plaintiffs' attorneys moved to withdraw. D.E. 11, 13, 15. According to the motion, there was "a breakdown of effective communication regarding the litigation process and irreconcilable differences between counsel and Plaintiffs regarding the direction and prosecution of the case." D.E. 13. The motion reported that Plaintiffs were "in the process of hiring new counsel." *Id*. The Court granted withdrawal on May 24, 2021. D.E. 16. Plaintiffs ultimately did not retain new counsel; they moved to proceed *pro se* in July 2021. D.E. 21. At the Court's first teleconference, on September 10, 2021, Plaintiffs reported they were continuing to seek representation. D.E. 24. But this representation never materialized.

Plaintiffs next moved to amend and supplement the Complaint, but the motion was denied in November 2021. D.E. 35. On December 3, 2021, Plaintiffs failed to appear for a teleconference that was set during the previous teleconference. D.E. 37. They did appear at a December 27, 2021 teleconference. D.E. 44. During that call,

> Counsel for Defendants advised that there are outstanding interrogatories and requests for production of documents from both Mapei Corporation and Lowe's Home Centers, LLC that were propounded in January 2021 by Lowe's and in September 2021 by Mapei. The Court admonished Plaintiffs for their failure to respond to the interrogatories and requests for production of documents for nearly a year.

*Id*. The Court ordered Plaintiffs to "RESPOND to any outstanding interrogatories and requests for production of documents by Monday, January 10, 2022." *Id*.

The parties appeared for a fourth teleconference on April 8, 2022. D.E. 64. The defense

> reported that Plaintiffs had yet to respond to Lowe's Home Centers, LLC's interrogatories and request for production of documents. The Court reviewed with Plaintiffs the process and requirements of service of discovery in civil cases, as well

      as the duty of cooperation between parties as mandated in Rule 1 of the Federal Rules of Civil Procedure.

*Id*. The Court ordered Plaintiffs to "fully respond to Lowe's Home Centers, LLC's interrogatories and requests for production of documents as required by the Federal Rules of Civil Procedure by April 22, 2022." *Id*. The parties were "REQUIRED to meet and confer before raising any issues to the Court." *Id*.

      After Lowe's filed its motion to dismiss on June 3, 2022, the Court held another teleconference on June 24. Plaintiffs did not attend. D.E. 70. The Court held a sixth and final teleconference on July 15, 2022. Again, Plaintiffs did not attend. D.E. 75. Nor did they file notice in the record explaining their absence on June 24, as ordered by the Court. *See* D.E. 70. No follow-up conference was scheduled, and the Court "advised counsel for Defendants that, due to Plaintiffs' continuing disregard of hearings and deadlines in this matter, counsel may now proceed in this action as they deem fit." D.E. 75. Defendants' August 19 motion to dismiss for lack of prosecution followed. D.E. 83. Although Plaintiffs made several filings in the record up to early September 2022 (*see* D.E. 71, 76, 81, 82, 86), they filed no response in opposition to the motions to dismiss.

## II. Failure to Respond

      The first issue is Plaintiffs' lack of opposition to the motions to dismiss. When a party "fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (table); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived). Additionally, Joint Local Civil Rule 7.1(c) states, "Failure to timely respond

to a motion may be grounds for granting the motion." The Court previously alerted Plaintiffs to this Rule in the context of an earlier motion for Rule 37 sanctions. D.E. 52 at 2 ("Plaintiffs are warned that 'Failure to timely respond to a motion may be grounds for granting the motion.' Joint Local Civil Rule 7.1(c).").

In January 2022, Defendants moved for reimbursement of costs as a Rule 37(a)(5) sanctions against Plaintiffs for "repeated discovery abuses." D.E. 45. The Court denied sanctions "as unjust, given that Plaintiffs are proceeding *pro se*." But the Court issued a warning that, "Going forward, the Court expects both parties to comply fully with the Federal Rules and the Local Rules and orders of this Court." D.E. 63 at 6.

Here, the Court has repeatedly admonished Plaintiffs concerning their duty to comply with the Federal Rules and Local Rules related to discovery and motions practice. Yet the motions to dismiss are unopposed and may be granted on this basis. In the alternative, dismissal is also warranted for failure to obey discovery orders and for lack of prosecution, as explained below.

### III. Dismissal Under Rules 37(b)(2)(A) and 41(b).

#### A. Legal Standards

Under Federal Rule of Civil Procedure 37(b)(2), if a party "fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders [including] dismissing the action or proceeding in whole or in part." Likewise, Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). In either case, Courts consider four factors in determining whether dismissal is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

4

> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737; *see also Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 957 (6th Cir. 2018) (applying these factors in the Rule 37(b)(2) context, following *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)).

"Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* at 736 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). "'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.' *Webster's Third New International Dictionary* 497 (1986)." *Id.* at 737.

> To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings. . . .
>
> This court has held, for purposes of the second factor, that a defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide. . . .
>
> As for the third factor, prior notice, or the lack thereof, is a key consideration . . . .
>
> Finally, the sanction of dismissal is appropriate only if the [party's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process. . . . [The Sixth Circuit], however, . . . is loathe to require the district court to incant a litany of the available lesser sanctions. . . . [The Sixth Circuit] understands this factor to require particular caution in the absence of contumacious conduct . . . .

*Schafer*, 529 F.3d at 737-38 (citations and quotation marks omitted).

5

## B. Defendants' Arguments

In its Rule 37 motion, Lowe's explains that Plaintiffs had still not produced the discovery the Court ordered to be produced by April 22, 2022. DE. 69 at 3.

> To date, [Lowe's] has not received Plaintiff's answers to Lowe's interrogatories or responses to Lowe's requests for production, signed under oath or otherwise, for a second time, in direct violation of the Court's Order. . . .
>
> Defense counsel has made multiple attempts to accommodate Plaintiff[s], and has attempted numerous direct communications and discovery status requests. [See Exh. B, correspondence dated September 13, 2021, November 22, 2022, and January 21, 2022 regarding discovery requests.] . . . .
>
> In this case, Plaintiffs have willfully refused to comply with Defendant Lowe's discovery requests. This willful refusal has continued after numerous conferences with this Court, reminders from defense counsel, and status requests.
>
> This failure to comply has also prejudiced the Defendant Lowe's, who is entitled to full discovery. Specifically, Lowe's issued medical authorizations to Plaintiffs in order to obtain relevant medical records. Lowe's has not received those medical authorizations nor has Lowe's received the identity of Plaintiffs' medical providers, and, thus, Lowe's has been unable to obtain a complete medical history for the Plaintiffs. . . . Lowe's never received responses to its outstanding discovery requests, and wasted time and money attempting to compel the discovery from the Plaintiffs.

*Id*.

In their Rule 41 motion, Defendants argue:

> Plaintiffs have also repeatedly refused to cooperate with Court Orders. For example, Plaintiffs failed to comply with this Court's December 27, 2021 and April 8, 2022 Orders directing Plaintiffs to fully respond to Lowe's discovery. [DN 44, 64.] To date, Lowe's still has not received responses to its discovery served over a year ago, resulting in Lowe's filing a Motion to Dismiss. [DN 69.] Plaintiffs have given no explanation or reason as to why the responses remain outstanding or why Plaintiffs are unable to comply with this Court's Order.
>
> Furthermore, as discovery deadlines approached, Plaintiffs continued their pattern of willful refusal to comply. Plaintiffs have willfully refused to comply with Defendants' request to schedule expert witness depositions and have been unresponsive to multiple extrajudicial communications from defense counsel to schedule. [See Ex. A.] Plaintiffs' refusal has forced the Defendants to incur

> additional expense by having to move the Court to extend their expert witness disclosure deadline. [DN 73.]
>
> Plaintiffs also failed to attend a status conference on June 24, 2022, for which the Court ordered the Plaintiffs to show cause for non-appearance. [DN 70.] Plaintiffs have yet to show cause regarding their failure to appear. More recently, Plaintiffs failed to attend a status conference on July 15, 2022. [DN 75.] Through their inaction, Plaintiffs continue to prevent any sort of resolution to the case.
>
> . . . .
>
> To date, Defendants have logged numerous hours attempting to conduct discovery in this matter. Additionally, Defendants have incurred the expense of filing multiple motions based on Plaintiffs' failure to cooperate in discovery . . . . Defendants' counsel has had to attend multiple Status Conferences due to Plaintiffs' failure to appear.
>
> Furthermore, the depositions of Plaintiffs['] experts have not occurred, thereby preventing Defendants to prepare a defense in this case. . . .
>
> Plaintiffs' inaction has resulted in substantial prejudice to the Defendants because Defendants still must continue to retain counsel and an expert witness to defend this matter. Defendants never received the outstanding discovery, and wasted time and money attempting to compel said discovery from the Plaintiffs.
>
> . . . .
>
> There has been no improvement of behavior or gesture of improvement from the Plaintiffs. As such, no other sanction besides dismissal with prejudice could remedy the prejudice experienced by the Defendants in this matter. The money, the time, and the energy exhausted by the Defendants warrants judgement in their favor on all counts.

D.E. 83 at 4-7. These arguments are unchallenged, and they appear to reflect the factual record in this case.

### C. Analysis

The four dismissal factors are satisfied here. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737-38 (6th Cir. 2008). First, Plaintiffs' failure to respond to interrogatories and requests for production of documents is due to willfulness, bad faith, or fault. There is a clear record of contumacious conduct here. Plaintiffs have been stubbornly disobedient. They have shown at

7

least a reckless disregard for the effect of their conduct on these proceedings.  After Plaintiffs initially failed to provide discovery responses in accordance with the Civil Rules and the Court's Scheduling Order, the Court then twice imposed compliance deadlines—January 10 and April 27, 2022.  At the time of the August 2022 motion to dismiss, these discovery responses still had not been received.  Plaintiffs had specific, repeated admonitions from the Court, yet they failed to comply.  Further, Plaintiffs failed to attend multiple follow-up teleconferences, failed to show cause for their absence, and stopped responding to communications from Defendants.  The Court previously called attention to Plaintiffs' "continuing disregard of hearings and deadlines in this matter."  D.E. 75.  This case contains a clear record of contumacious conduct that supports dismissal as a sanction under Rules 37 and 41.

The other factors, though ultimately less important, also support dismissal as a sanction.  As to factor #2, it is clear Defendants were harmed.  As explained in their motions, Defendants' discovery was hampered, including especially their ability to respond to Plaintiffs' medical allegations.  Defendants wasted time, money, and effort in pursuit of cooperation which Plaintiffs were legally obligated to provide.

As to factor #3, the fact that *two* unopposed motions to dismiss have been filed shows that Plaintiffs were warned that dismissal is a possible remedy.  Defendants first moved for dismissal as a discovery sanction on June 3, 2022.  D.E. 69.  The law cited in their motion put Plaintiffs on clear notice their case could be dismissed.  Yet Plaintiffs never responded.  Then, on August 19, 2022, Defendants filed a second motion to dismiss.  D.E. 83.  This motion further signaled that Plaintiffs' case was in jeopardy.  Yet again, Plaintiffs did not respond.  Instead of making filings that addressed their alleged discovery violations and failure to prosecute, Plaintiffs instead filed notice they were pursuing disciplinary action against defense counsel, the undersigned, and Judge

8

Boom.  D.E. 65, 71, 82, 86.  Plaintiffs dodged a previous defense motion for Rule 37 sanctions. D.E. 45-1 at 3-4; D.E. 63.  Thus, Plaintiffs were warned that failure to cooperate could lead to dismissal but did not respond appropriately.

The fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered.  As explained in *Shafer*, this factor is less important when, as here, there is contumacious conduct.  Also, per *Shafer*, Plaintiffs' actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process.  *Schafer*, 529 F.3d at 737-38.  The defense and the Court, despite its efforts, have been unable to coax Plaintiffs into cooperating.  Given Plaintiffs' *pro se* status, the Court has been much more lenient than normal. Yet Plaintiffs did not cooperate with discovery.  And now they appear to have abandoned litigating this case on the merits.

All four elements are satisfied.  Therefore, dismissal is warranted under Rule 37(b)(2)(A)(v) for failure to obey discovery orders.  Specifically, Plaintiffs failed to obey repeated, clear orders to provide responses to interrogatories and requests for production of documents in a manner that complies with the Rules of Civil Procedure.  Dismissal is also warranted and under Rule 41(b) for failure to prosecute.  Additionally, Defendants' two motions to dismiss stand unopposed.

The undersigned **THEREFORE RECOMMENDS THAT:**

(1) Defendant Lowe's home Centers' unopposed motion for dismissal as a discovery sanction (D.E. 69) be **GRANTED** and that this matter be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 37(b)(2)(A)(v).

(2)  Defendants' unopposed motion to dismiss (D.E. 83) be **GRANTED** and that this matter be **DISMISSED** with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Judge.** Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 10th day of January, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge